1
2
3
4
5
6
7

**IN THE UNITED STATES DISTRICT COURT FOR THE**

8

**EASTERN DISTRICT OF CALIFORNIA**

9

| | |
|---|---|
| 10   **J. A. FISCHER & JOAN FISCHER;** | **1:07-cv-00610 LJO - NEW** |
|   **JOHN & KAREN YOHANNES; GLEN** | **(WMW)** |
| 11   **& JOANNA WEERHEIM; SAM &** | |
|   **SUZANNE ETCHEGARAY; SAM** | **MEMORANDUM OPINION** |
| 12   **ETCHEGARAY; SAM** | **AND ORDER RE PLAINTIFFS'** |
|   **CROOKSHANKS; DOUG PHILLIPS;** | **MOTION TO REMAND OR, IN** |
| 13   **FAMOSO GOLD RANCH, LLC; KIWI** | **THE ALTERNATIVE TO** |
|   **GOLD CALIFORNIA, LLC;** | **DISMISS WITHOUT** |
| 14   **ETCHEGARAY FARMS, LLC; TRIPLE** | **PREJUDICE AND** |
|   **S LAMB FEEDING, CO, LLC;** | **DEFENDANT ZESPRI FRESH** |
| 15 | **PRODUCE NORTH AMERICA,** |
|       **Plaintiffs,** | **INC.'S MOTION TO** |
| 16 | **TRANSFER PURSUANT TO 28** |
|       **vs.** | **U.S.C. § 1406** |
| 17 | |
|   **ZESPRI FRESH PRODUCE NORTH** | [Docs. 12, 8] |
| 18   **AMERICA, INC.  A Washington** | |
|   **Corporation; ZESPRI** | |
| 19   **INTERNATIONAL, LIMITED, Business** | |
|   **form unknown; ZESPRI GROUP** | |
| 20   **LIMITED, Business form unknown;** | |
|   **NEW ZEALAND FRUIT MARKETING,** | |
| 21   **Business form unknown; ZESPRI FRESH** | |
|   **PRODUCE, a California Corporation;** | |
| 22   **ZFP, a California Corporation; ZESPRI** | |
|   **NORTH AMERICA, a California** | |
| 23   **Corporation; The HORTICULTURE** | |
|   **AND FOOD RESEARCH INSTITUTE** | |
| 24   **OF NEW ZEALAND, LTD, Business** | |
|   **form unknown; and DOES 1 -150,** | |
| 25   **inclusive,** | |
| 26       **Defendants.** | |
| 27 | |
| 28 | |

Plaintiffs filed a complaint in Tulare County Superior Court on March 14, 2007, alleging breach of express and implied warranties by several different business entities.  Plaintiffs alleged that the warranties were made in Tulare County, and that Defendant Zespri Fresh Produce ("ZFP") had its principal place of business in Tulare County.

On April 20, 2007, Defendant Zespri Fresh Produce North America, Inc. ("ZFPNAI") filed a notice of removal pursuant to 28 U.S.C. Sections 1441 and 1446, which resulted in this matter being removed to the United States District Court.  On May 4, 2004, ZFPNAI filed an answer in the case.

Now pending before the court are two separate motions.  The first is Plaintiffs' motion to remand this matter to Tulare County Superior Court on the ground that the case was improperly removed to federal court.  Alternatively, Plaintiffs move on the same ground for an order dismissing this case without prejudice, so that a new complaint can be filed in Tulare County Superior Court. The second is a motion by ZFPNAI  to transfer this case to the Central District of California.  Both motions are opposed.

**FACTUAL BACKGROUND**

Plaintiffs grow a variety of gold kiwifruit known as Hort16A pursuant to grower agreements with Defendant  ZFPNAI.   ZFPNAI is the exclusive licensee and holder of all rights in the United States to commercialize, market, and sell Hort16A kiwifruit.   The grower agreements provide Plaintiffs with limited-use subleases to grow the Hort16A kiwifruit on designated properties for sale by ZFPNAI.

**DISCUSSION**

Plaintiffs' Motion to Remand Action or Dismiss without Prejudice

a.  Plaintiffs' Motion to Remand Action

On July 7, 2007, two months after ZFPNAI removed this case to federal court, Plaintiffs filed a motion to remand it to Tulare County Superior Court on the ground that it was improperly removed to federal court.  Plaintiffs allege that there is no diversity of citizenship between

removing Defendant ZFPNAI and Plaintiffs, and thus claim the court lacks subject matter

jurisdiction over the case.  Plaintiffs rely on 28 U.S.C. Section 1447(c), which provides as

follows:

> (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

Plaintiffs argue correctly that for purposes of removal, diversity must exist at the time the action

was commenced in state court.  See Strotek Corp. v. Air Transport Ass'n of America, 300 F.3d

1129 (9th Cir. 2002).   Diversity federal subject matter jurisdiction is defined in 28 U.S.C.

Section 1332, which provides in part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.
> .    .    .    .
> c) For the purposes of this section and section 1441 of this title--
>
> (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business;

Removing Defendant ZFPNAI alleged in its notice of removal that there is diversity of

citizenship which supports the removal to federal court. Plaintiffs claim that the allegation of

3

1    diversity between Plaintiffs and ZFPNAI is based on the unsupported assertion by counsel for

2    ZFPNAI that the ZFPNAI has its principal place of business in New Zealand.  Plaintiffs contend

3    that this unsupported statement is insufficient to prove diversity as a grounds for removal. See

4    Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (burden is on the defendant to prove

5    existence of jurisdictional facts, including complete diversity).

6          Plaintiffs claim that in fact, ZFPNAI has never had any place of business other than in

7    Visalia, Tulare County, California, and that Visalia must therefore be considered its principal

8    place of business.  Further, Plaintiffs claim that Defendants NZFM, ZFP and ZFPNAI have

9    never had a place of business outside of California.  They claim that the exclusive packinghouse

10   for the Hort16A variety of kiwifruit in North America is Sun River, an entity located exclusively

11   in Tulare County, California.  Plaintiffs provide the supporting declarations of Joseph A.

12   Uremovic, counsel for Plaintiffs, and John Yohannes, a Plaintiff in this action.

13         Finally, Plaintiffs contend that removing Defendant ZFPNAI has named an agent for

14   process of service in California and that by doing so, consented to the jurisdiction of the

15   California courts.  Plaintiffs argue that ZFPNAI has thus waived any right to claim diversity as a

16   basis for having this litigation removed to federal court.  Plaintiffs cite Friele v. Schaffer, 177

17   F.Supp. 654, 657 (D.Mont. 1959), in which the court held that Defendants had waived their right

18   to challenge venue by appearing in a case.   As ZFPNAI argues, nowhere in that case does the

19   court hold that by doing business in a state and designating an agent for service of process in that

20   state, a corporation waives its ability to remove a case to federal court based on diversity of

21   citizenship.

22         In opposition to Plaintiffs' motion to remand, ZFPNAI initially correctly notes that

23   because Plaintiffs waited more than thirty days after the case was removed to federal court to

24   bring their motion to remand, they are precluded from bringing the motion on any basis except

25   lack of subject matter jurisdiction.  See 28 U.S.C. 1447(c).  It also notes that the reason that it

26   was the only defendant to bring the notice of removal was that it is the only Defendant which has

27

28                                                4

1  been served.  See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 (9th Cir.

2  1998)("Ordinarily, under 28 U.S.C. § 1446(a), all defendants in a state action must join in the

3  petition for removal, except for nominal, unknown or fraudulently joined parties. [Citations

4  omitted.] This general rule applies, however, only to defendants properly joined and served in

5  the action. See Salveson v. Western States Bankcard Ass'n., 731 F.2d 1423, 1429 (9th Cir.1984)

6  (noting 'a party not served need not be joined' in a petition for removal).")

7          Turning to the merits, ZFPNAI contends that it properly removed this case to federal

8  court and that the court has diversity subject matter over the case.  Specifically, ZFPNAI alleges

9  that none of the Defendants in this action were citizens of California on March 14, 2007, when

10  the case was filed, and that all Plaintiffs were citizens of California.  ZFPNAI therefore claims

11  that there was complete diversity in the case.  Further, ZFPNAI alleges that as alleged in the

12  complaint, the amount in controversy is $15,000,000, which exceeds the $75,000 required for

13  diversity jurisdiction.

14          In support of its claim that  none of the Defendants in this action were citizens of

15  California on March 14, 2007, ZFPNAI provides the declaration of Murray Denyer, Chief Legal

16  Counsel for ZFPNAI,  in which he states as follows:

17          1.     From March 14, 2007,  ZFPNAI was and is a Washington corporation, with its
18                 principal place of business in New Zealand.

19          2.     From March 14, 2007, Zespri International Limited was and is a New Zealand
20                 corporation, with its principal place of business in New Zealand.

21          3.     From March 14, 2007, Zespri Group Limited was and is a New Zealand
22                 corporation, with its principal place of business in New Zealand.

23          4.     New Zealand Fruit Marketing ("NZFM") is the former name of  ZFPNAI.  NZFM
24                 was a Washington corporation and changed its name to Zespri Fresh Produce
25                 North America on July 1, 2003.

26          5.     Zespri Fresh Produce is not a corporation, but a business division of Zespri

27

28                                                 5

1    International Limited.

2    6.      ZFP is an abbreviation of Zespri Fresh Produce.

3    7.      There is no corporation known as Zespri North America, nor is it a division of

4            any of the defendants.

5    8.      From March 14, 2007, the date that Plaintiffs' complaint was filed, the

6            Horticulture and Food Research Institute of New Zealand Limited was and is a

7            New Zealand corporation with its principal place of business in New Zealand.

8            While a wholly owned subsidiary of the Horticulture and Food Research Institute

9            of New Zealand Limited  and Food Research Institute of New Zealand Limited is

10           a California corporation, this subsidiary, HortResearch (USA), is not a defendant

11           in this action, nor could it be, because it was not incorporated until October 2005.

12   ZFPNAI correctly argues that under Section 1332(c)(1), a corporate entity's citizenship

13   is determined by its state of incorporation and its principal place of business.  In the Ninth

14   Circuit, a corporate entity's principal place of business is determined by using the "nerve center"

15   test and the "place of operations" test.  United Computer Sys. v. AT & T Info. Sys., 298 F.3d

16   756, 763 (9th Cir. 2002).  In that case, the court explained, "[a]ssuming that reliance on the state

17   of incorporation does not settle the issue of jurisdiction, the "principal place of business" is

18   determined by the following two-part inquiry: (1) in what state does a "substantial

19   predominance" of corporate activity take place? or (2) if the corporation's activities are not

20   predominant in a single state, then the principal place of business is where the majority of its

21   executive and administrative functions are performed."  Id., (quoting Tosco Corp. v.

22   Communities For a Better Environment, 236 F.3d 495, 500 (9th Cir.2001)).

23           There are eight named Defendants in this action.  As set forth in the Declaration of

24   Murray Denyer, Zespri Fresh Produce is not a corporation, but a business division of Zespri

25   International Limited,  ZFP is an abbreviation of Zespri Fresh Produce, and there is no

26   corporation known as Zespri North America.  Defendant New Zealand Fruit Marketing

27

28                                                      6

1  ("NZFM") is the former name of ZFPNAI.  Plaintiffs provide nothing to dispute these

2  assertions.  Accordingly, the court finds that none of these four entities defeat diversity, so as to

3  prevent this court from having subject matter jurisdiction over the case.

4       As also set forth in the Declaration of Murray Denyer,   three other defendants, Zespri

5  International Limited, Zespri Group Limited, and the Horticulture and Food Research Institute of

6  New Zealand Limited all have their headquarters and principal places of business in New

7  Zealand, and have no offices in California.  ZFPNAI argues that therefore, they are not citizens

8  of California.  Plaintiffs having provided nothing to the contrary, the court agrees.

9       Finally, ZFPNAI, the eighth Defendant, argues that it is a Washington corporation, with

10  its principal place of business in New Zealand.  According to Murray Denyer, its corporate

11  activities are not predominately in one state, but the majority of its executive and administrative

12  functions are performed in New Zealand.  In his declaration, Mr. Denyer states that ZFPNAI's

13  management is located in its New Zealand office, that all of its business records are kept in its

14  New Zealand office, and that all of its employees are located in its New Zealand office.  Mr.

15  Denyer further states that all of ZFPNAI's business operations, including commercial relations

16  with growers, distributors, and purchasing companies; preparation of financial records;

17  arrangements for payments; and arrangements for marketing are all conducted out of the New

18  Zealand office.  In light of this unrefuted information, the court finds that ZFPNAI has

19  established that there is no one state where a "substantial predominance" of corporate activity

20  takes place and that the majority of its executive and administrative functions are performed  in

21  New Zealand.  Thus, the court finds that New Zealand is its principal place of business for

22  purposes of Section 1332(c)(1).

23       In conclusion, ZFPNAI  argues that all the Plaintiffs are citizens of California, none of

24  the Defendants are citizens of California, and that complete diversity therefore exists. In their

25  reply, Plaintiffs do not address the arguments made by ZFPNAI in its opposition to Plaintiffs'

26  motion.  Rather,  Plaintiffs raise a new argument that Plaintiffs themselves are citizens of both

27

28                                        7

California and New Zealand.  They claim, therefore, that with New Zealanders on both sides of the case, diversity is lacking and this court does not have subject matter jurisdiction.

It is well-established that the court is not obliged to consider new arguments in a reply to an opposition to a motion.  See  United States v. Bohn, 956 F.2d 208, 209 (9th Cir.1992) (noting courts ordinarily decline to consider arguments raised for the first time in a reply brief).  However, this court must always consider subject matter jurisdiction and lack thereof may be raised at any time.  Kortrijk v. Ryan, 540 U.S. 443, 456 (2004).  Accordingly, the court will consider Plaintiffs' argument.

In support of their claim that Plaintiffs are citizens of both California and New Zealand, Plaintiffs assert that a 90% owner of Plaintiff Kiwi Gold California, LLC, is itself a New Zealand Limited Liability Company formed under the laws of New Zealand.  They also assert that six of the seven members of Plaintiff Famous Gold Ranch, LLC, are citizens of New Zealand.  In making these assertions, Plaintiffs rely on the declaration of Plaintiff John Yohannes, who states that he has personal knowledge of these facts.  Attached to his declaration are copies of the operating agreements for Plaintiffs Kiwi Gold California, LLC and Famous Gold Ranch, LLC, which indicate that members have address in New Zealand.  Plaintiffs conclude, therefore, that there are New Zealand citizens and business entities on both sides of this litigation, and claim that this defeats diversity.[1] .

In claiming that the two LLC Plaintiffs are citizens of New Zealand, Plaintiffs rely on Ninth Circuit authority holding that the citizenship of an LLC for purposes of diversity is the citizenship of its members.  In Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006), the court explained:

> LLCs resemble both partnerships and corporations. Notwithstanding LLCs' corporate traits, however, every circuit that has addressed the question treats them like partnerships for the purposes of diversity jurisdiction. See Gen. Tech. Applications, Inc.

---

[1]On August 2, 2007, ZFPNAI filed objections to the declaration of John Yohannes offered in support of Plaintiffs' reply to ZFPNAI's opposition to Plaintiffs' motion to remand or dismiss.  The court hereby OVERRULES each of ZFPNAI's objections.

v. Exro Ltda, 388 F.3d 114, 120 (4th Cir.2004); GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 828-29 (8th Cir.2004); Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC, 374 F.3d 1020, 1022 (11th Cir.2004); Handelsman v. Bedford Village Assocs. Ltd. P'ship, 213 F.3d 48, 51 (2d Cir.2000); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir.1998). This treatment accords with the Supreme Court's consistent refusal to extend the corporate citizenship rule to non-corporate entities, including those that share some of the characteristics of corporations. Carden, 494 U.S. at 189, 110 S.Ct. 1015 (treating a limited partnership as having the citizenship of all its members); Great S. Fire Proof Hotel Co. v. Jones, 177 U.S. 449, 456-57, 20 S.Ct. 690, 44 L.Ed. 842 (1900) (refusing to extend the corporate citizenship rule to a "limited partnership association" although it possessed "some of the characteristics of a corporation"). This treatment is also consistent with the common law presumption that unincorporated associations are not legal entities independent of their members. Strotek Corp. v. Air Transp. Ass'n of Am., 300 F.3d 1129, 1133 n. 2 (9th Cir.2002). We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.

The court finds that under this case law, Plaintiffs are correct in arguing that the LLC Plaintiffs are citizens of New Zealand.

The next step in the analysis is whether Defendants' New Zealand citizenship destroys diversity. This is, the issue is whether diversity destroyed if there are parties from the same foreign country on both sides of case. Unfortunately, neither side cites the court to controlling authority on this issue.[2]  ZFPNAI  does cite to Tango Music, LLC v. DeadQuick Music, Inc., 348 F.3d 244, 245 - 46 (7th Cir. 2003), in which the court held:

> We have held in previous cases that the presence of foreigners on both sides of a diversity case does not destroy diversity. Allendale Mutual Ins. Co. v. Bull Data Systems, Inc., 10 F.3d 425, 428 (7th Cir.1993); Dresser Industries, Inc. v. Underwriters at Lloyd's of London, 106 F.3d 494 (3d Cir.1997); Transure, Inc. v. Marsh & McLennan, Inc., 766 F.2d 1297, 1299 (9th Cir.1985). But neither our court nor any other appellate court has decided whether it makes a difference if there are foreigners from the same country on both sides, though intimations that it does not can be found in Dresser, 106 F.3d at 500, and in Karazanos v. Madison Two Associates, 147 F.3d 624, 627 (7th Cir.1998). All but one of the district court cases to address the question hold that it makes no difference. Zenith Electronics Corp. v. Kimball Int'l Mfg., Inc., 114 F.Supp.2d 764, 768-74 (N.D.Ill.2000); Bank of New York v. Bank of America, 861 F.Supp. 225, 228-29 (S.D.N.Y.1994); Clark v. Yellow Freight System, Inc., 715 F.Supp. 1377, 1378 (E.D.Mich.1989); K & H Business Consultants Ltd. v. Cheltonian, Ltd., 567 F.Supp. 420, 422-24 (D.N.J.1983). (The outlier is De Wit v. KLM Royal Dutch Airlines, N.V., 570 F.Supp. 613, 617 (S.D.N.Y.1983).) We agree.

---

[2]Because Plaintiffs' argument was made in their reply, ZFPNAI did not have a direct opportunity to respond to it.  However, ZFPNAI did respond to the argument in its reply to Plaintiffs' opposition to ZFPNAI's motion to transfer.

9

The Judicial Code confers federal jurisdiction over suits between "citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(3). That describes this case exactly. The statute does not say "... citizens or subjects of different foreign states," and we cannot think of a reason to depart in this instance from a literal reading. The reason that complete diversity of citizenship is required in a suit that does not have any foreign parties is that the presence on opposite sides of the case of citizens of the same state tends to neutralize any bias that a local court may have in favor of a local resident; the fear of such bias is the most commonly expressed rationale for diversity jurisdiction, see Bank of United States v. Deveaux, 9 U.S. (5 Cranch) 61, 87, 3 L.Ed. 38 (1809) (Marshall, C.J.); Firstar Bank, N.A. v. Faul, 253 F.3d 982, 991 (7th Cir.2001); Dragan v. Miller, 679 F.2d 712, 714 (7th Cir.1982); Lee v. American Nat'l Ins. Co., 260 F.3d 997, 1005 (9th Cir.2001); 13B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3601, pp. 337-38 (2d ed.1987), though there is some question how important it really was in the thinking of the framers of the Constitution. See id. at 337-43; 15 James Wm. Moore, Moore's Federal Practice § 102App.03[1], pp. 4, 6 (3d ed.2003); Henry J. Friendly, "The Historic Basis of Diversity Jurisdiction," 41 Harv. L.Rev. 483 (1928). The neutralization argument does not extend to the case in which a citizen of one state is suing a citizen of another and there are citizens of the same foreign state on both sides. Suppose that a citizen of Illinois sues a citizen of Indiana in an Illinois state court and the defendant wants to remove the case to federal court because he is afraid that an Illinois court will be biased in favor of the Illinois plaintiff. It would hardly be a comfort to him if there happened to be a French coplaintiff and a French codefendant, since their citizenship would not weigh with an Illinois court. To put this differently, it would make no difference to such a court whether both foreign parties were French or one was French and the other was Italian, in which event, as we know, diversity would be unaffected.

Further, although the Ninth Circuit has not addressed the issue of whether diversity destroyed if there are parties from the same foreign country on both sides of case, it has addressed the issue of whether aliens on both sides destroys diversity.  In Transure, Inc. v. Marsh & McLennan, Inc., 766 F.2d 1297, 1298-99 (9th Cir. 1985), the court explained:

The presence of an alien corporation on one side as an additional party does not defeat diversity jurisdiction, for the statute contemplates it. This Circuit has not considered whether jurisdiction is affected when aliens are on both sides. All of the authorities that have considered that question agree that federal diversity jurisdiction is not defeated where (1) there is a legitimate controversy between diverse citizens and aliens are additional parties; and (2) there is complete diversity as to the citizens. See Goar v. Compania Peruana de Vapores, 688 F.2d 417, 420 n. 6 (5th Cir.1982) ("§ 1332(a)(3) may also have the effect of retaining federal jurisdiction when there is complete diversity between the United States citizens involved in an action but there are foreign subjects among the parties on both sides."); K & H Business Consultants, Ltd. v. Cheltonian, Ltd., 567 F.Supp. 420, 422-24 (D.N.J.1983); Samincorp., Inc. v. Southwire Co., 531 F.Supp. 1, 2-3 (N.D.Ga.1980); Lavan Petroleum Co. v. Underwriters at Lloyds, 334 F.Supp. 1069, 1071 (S.D.N.Y.1971).

[T]he language of section 1332(a)(3) is broad enough to allow aliens to be additional parties on both sides of the dispute. Under this interpretation, jurisdiction would exist if a

10

New Yorker, and a Canadian, sued a Californian, and a German, assuming, of course, that there was a legitimate dispute between the two Americans.

13B C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3604 at 390.

Finally, ZFPNAI also brings the court's attention to <u>Jungil Lee v. ANC Car Rental Corp.</u>, 220 Fed.Appx. 493 (9th Cir. 2007). In that case, the court found that "[u]nder the plain language of Section 1332(a)(3), for jurisdiction to exist there must be both United States citizen plaintiffs and United States citizen defendants." ZFPNAI contends that this situation exists in the present case. Specifically, it argues that it is a citizen of Washington, because it was incorporated there. <u>See</u> 28 U.S.C. Section 1332(c)(1). It is undisputed that at least some of the Plaintiffs are citizens of California. Thus, ZFPNAI claims that there are citizens of different states on opposing sides of this litigation, with additional parties, both Plaintiffs and Defendants, being citizens of the foreign country of New Zealand. ZFPNAI concludes that diversity jurisdiction exists under 28 U.S.C. Section 1332(a)(3), which provides for "citizens of different states and in which citizens or subjects of a foreign state are additional parties."

It the hearing on this matter, Plaintiffs' counsel made a reference to ZFPNAI's Washington incorporation being a "sham." However, as no evidence was presented in support of this accusation, it is rejected by the court. Plaintiffs' counsel also cited two cases at the hearing, neither of which is either controlling or particularly helpful. In <u>Jerguson v. Blue Dot Investment</u>, 659 F.2d 31 (5th Cir. 1981), the court held that because the alien defendant's principal place of business was in Florida, it was deemed a Florida citizen for diversity. As set forth above, Plaintiffs have failed to prevail in their argument that ZFPNAI's principal place of business is California, rather than New Zealand. In <u>Delgado v. Shell Oil Co.</u>, 890 F.Supp. 1315 (S.D.Tex 1994), the district court, following Fifth Circuit caselaw, analyzed whether the purpose underlying diversity jurisdiction would be advanced by finding jurisdiction in a case involving alien plaintiffs and defendants who maintain their principle place of business abroad. Plaintiffs provide no authority for the proposition that such analysis is appropriate in this circuit. Further,

11

1  even if it were, in this case not all Plaintiffs are aliens.

2      Finally, the court rejects Plaintiffs' multiple arguments regarding the jurisdiction of the

3  California courts over this action and venue in the California courts.  As ZFPNAI argues, these

4  arguments are not on point, as the issue here is the subject matter jurisdiction of this court.

5      After considering all of the arguments of the parties, the court finds that under the

6  authority discussed above,  this court  has diversity subject matter jurisdiction over this case

7  pursuant to 28 U.S.C. Section 1332(a)(3).   Thus, Plaintiffs' motion for remand will be denied.  It

8  therefore becomes necessary to address Plaintiffs' request for voluntary dismissal of the action.

9      b.  Plaintiffs' Motion for Voluntary Dismissal

10      As an alternative to remand, Plaintiffs move for voluntary dismissal pursuant to Rule

11  41(a)(2).  Rule 41(a) provides as follows;

12  (1) By Plaintiff; by Stipulation. Subject to the provisions of Rule 23(e), of Rule 66, and
    of any statute of the United States, an action may be dismissed by the plaintiff without
13  order of court (I) by filing a notice of dismissal at any time before service by the adverse
    party of an answer or of a motion for summary judgment, whichever first occurs, or (ii)
14  by filing a stipulation of dismissal signed by all parties who have appeared in the action.
    Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without
15  prejudice, except that a notice of dismissal operates as an adjudication upon the merits
    when filed by a plaintiff who has once dismissed in any court of the United States or of
16  any state an action based on or including the same claim.

17  (2) By Order of Court. Except as provided in paragraph (1) of this subdivision of this
    rule, an action shall not be dismissed at the plaintiff's instance save upon order of the
18  court and upon such terms and conditions as the court deems proper. If a counterclaim
    has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's
19  motion to dismiss, the action shall not be dismissed against the defendant's objection
    unless the counterclaim can remain pending for independent adjudication by the court.
20  Unless otherwise specified in the order, a dismissal under this paragraph is without
    prejudice.
21

22  Plaintiffs move pursuant to subsection (2) because an answer has been filed in this case.

23      The standard for voluntary dismissal under Rule 41(a)(2) is set forth in United States v.

24  Berg, 190 F.R.D. 539, 543 (E.D.Cal. 1999) as follows:

25  Rule 41(a)(2) allows a plaintiff, with the approval of the court, to dismiss an action
    without prejudice at any time "upon such terms and conditions as the court deems
26  proper...." Fed.R.Civ.P. 41(a)(2). A motion for voluntary dismissal under Rule 41(a)(2) is
    addressed to the district court's sound discretion. See Stevedoring Servs. of Am. v.
27

28                                            12

Armilla Int'l, 889 F.2d 919, 921 (9th Cir.1989).

[3]  A motion for voluntary dismissal should be granted unless the defendant shows it will suffer some plain legal prejudice as a result. See Waller v. Financial Corp. of Am., 828 F.2d 579, 583 (9th Cir.1987); Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143, 145 (9th Cir.1982). Plain legal prejudice may be shown where actual legal rights are threatened or where monetary or other burdens appear to be extreme or unreasonable. See Watson v. Clark, 716 F.Supp. 1354, 1356 (D.Nev.1989), aff'd, 909 F.2d 1490, 1990 WL 111365 (9th Cir.1990). Factors to consider in determining legal prejudice are:

(1) The defendant's effort and expense involved in preparing for trial;

(2) Excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action;

(3) Insufficient explanation of the need to take a dismissal; and

(4) The fact that summary judgment has been filed by the defendant.

Paulucci v. City of Duluth, 826 F.2d 780, 783 (8th Cir.1987); see also, Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir.1994); United States v. Outboard Marine Corp., 789 F.2d 497, 502 (7th Cir.1986). The prejudice resulting from uncertainty over title to land is also a valid consideration. Ferguson v. Eakle, 492 F.2d 26, 29 (3d Cir.1974). Plain legal prejudice does not occur where the defendant merely faces the threat of a second lawsuit or a tactical disadvantage. Hamilton, 679 F.2d at 145.

The suit may be dismissed with or without prejudice, and the dismissal may be conditioned on terms that are proper or necessary to avoid prejudice to the defendant. See Koch v. Hankins, 8 F.3d 650, 652 (9th Cir.1993).

While the parties make various arguments regarding each of the above factors, neither has a particularly strong argument as to factors numbers 1 and 2.  Factor number 3 clearly predominates, as the usefulness of granting a motion for voluntary dismissal is nil.  Plaintiffs' basic argument supporting their request for a voluntary dismissal is their claim that this court lacks subject matter jurisdiction.  Because this court has decided otherwise, Plaintiffs' basis for dismissal of this action, i.e., refiling it in state court, has evaporated.  If this court were to grant the request for dismissal,  ZFPNAI would, as it explains, simply remove the case a second time and move for a transfer of venue to Los Angeles again.

Accordingly, the court will deny Plaintiffs' motion for voluntary dismissal.

ZFPNAI's Motion to Transfer

ZFPNAI moves to transfer this case to the Central District of California, pursuant to the

venue provisions of the grower agreements.  It argues that those provisions require Plaintiffs to

being this action in the federal or state courts in Los Angeles.  ZFPNAI relies on 28 U.S.C.

1406(a), which provides: "[t]he district court of a district in which is filed a case laying venue in

the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case

to any district or division in which it could have been brought".  ZFPNAI argues at some length

that the enforcement of forum selection clauses in diversity cases is governed by federal law.

Plaintiffs oppose the motion, arguing as follows: 1) the forum selection clause in question

is void; 2) ZFPNAI lacks standing to enforce the contracts; and 3) this court lacks jurisdiction

over the case and so also over this motion.  Plaintiffs' arguments lack merit.[3]

In arguing that the forum selection clause is void, Plaintiffs rely on California law

holding that a venue selection clause is void if it fixes venue in a county other than one in which

venue is proper under the general venue statute found at Code of Civil Procedure Section 395.

See  Arntz Builders v. Superior Court, 122 Cal.App.4th 1195 (2005).  In response, ZFPNAI

argues that the forum selection clause must be analyzed under federal law, not state law.  It relies

on Manetti-Farrow v. Gucci America, Inc., 858 F.2d 509, 513 (9th Cir. 1988), in which the court

explained:

> We conclude that the federal procedural issues raised by forum selection clauses
> significantly outweigh the state interests, and the federal rule announced in The Bremen
> controls enforcement of forum clauses in diversity cases. See Stewart, 487 U.S. at ----,
> 108 S.Ct. at 2250 (Kennedy, J., concurring) ("Though state policies should be weighed in
> the balance, the authority and prerogative of the federal courts to determine the issue ...
> should be exercised so that a valid forum selection clause is given controlling weight in
> all but the most exceptional cases.").  Moreover, because enforcement of a forum clause
> necessarily entails interpretation of the clause before it can be enforced, federal law also
> applies to interpretation of forum selection clauses.

Under this authority, Plaintiffs' argument that the forum selection clause is void for failing to

---

[3]On August 2, 2007, ZFPNAI filed objections to the declarations of Joseph A. Uremovic
and John Yohannes offered in opposition to ZFPNAI motion to transfer.  The court hereby
OVERRULES each objection.

1    comply with state law is meritless.[4]

2         In arguing that ZFPNAI lacks standing to enforce the contracts, Plaintiffs assert that it is

3    neither a party to the written contract which references venue in Los Angels, nor, under the terms

4    of the contract, a third party beneficiary.  ZFPNAI refutes this argument, pointing out that as

5    stated in the declaration of Murray Denyer, New Zealand Fruit Marketing ("NZFM") and Zespri

6    Fresh Produce North America ("ZFPNAI") are the same entity.  Because the contract which

7    references venue in Los Angeles is between some of the Plaintiffs and NZFM, ZFPNAI argues

8    that it has standing in this action.  Plaintiff provided no rebuttal to this argument and the court

9    finds that ZFPNAI does have standing to enforce the contracts at issue.

10

11

12

13                                **ORDER**

14        Based on the foregoing, IT IS HEREBY ORDERED as follows:

15   1)   Plaintiffs' motion to remand or, in the alternative to dismiss without prejudice, is

16        DENIED in its entirety;

17   2)   Defendant Zespri Fresh Produce North America, Inc.'s motion to transfer pursuant to 28

18        U.S.C. Section 1406 is GRANTED;

19   _____

20        [4]ZFPNAI also makes an interesting argument that even if state law governed, the forum
     selection clause is valid.  First, it notes that Arntz, the case relied upon by Plaintiffs, is
21   distinguishable on the facts. That case concerns CCP Section 394, which addresses an action
     against a county, a city, a city and county, or a local agency.  While this is true, the factual
22   distinction does not eliminate the principle of California law,  which is accurately described by
     Plaintiffs.  However, secondly, ZFPNAI argues that Plaintiffs are wrong in arguing that they
23   could not have brought this case in Los Angeles, and that the contractual provision is therefore
     void.  Under CCP Section 395, "[i]f none of the defendants reside in the state or if they reside in
24   the state and the county where they reside is unknown to the plaintiff, the action may be tried in
     the superior court in any county that the plaintiff may designate in his or her complaint."
25   ZFPNAI argues that because it is a foreign corporation, Plaintiffs could have brought this action
     in Los Angeles.  See Easton v. Superior Court, 12 Cal.App.3d 243, 246-47 (1970)("Schneider's
26   status is that of a foreign corporation only.  As such, it may be sued in any county in the state.")
     ZFPNAI reasons that the forum selection clause therefore did not violate CCP Section395.
27   While ZFPNAI appears to be correct, it is unnecessary for the court to reach this issue.

28                                  15

3)      The Clerk of the Court is DIRECTED to transfer this case to the United States District Court for the Central District of California sitting in Los Angeles.IT IS SO ORDERED.

Dated:    **August 16, 2007**                    **/s/  William M. Wunderlich**
                                                    UNITED STATES MAGISTRATE JUDGE

16